UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Cause No.  4:14-cr-19-SEB-MGN |
| | ) | |
| CHRISTOPHER MUDD, | ) | |
| | ) | |
| Defendant | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U.S. Magistrate Judge pursuant to the Order entered by the Honorable Sarah Evans Barker, U.S. District Court Judge, on May 22, 2015, designating the Magistrate Judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed with the Court on May 22, 2015, and to submit to Judge Sarah Evans Barker proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§3401(i) and 3583(e) and (g).  An Initial Hearing in this matter was held on July 14, 2015, and disposition proceedings were held on the same date, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and 18 U.S.C. §3583.  The defendant, Christopher Mudd, appeared in person with his appointed counsel, Jonathan Hodge.  The government appeared via telephone by Nicholas Linder, Assistant United States Attorney.  U.S. Probation appeared by Brian Bowers, who participated in the proceedings.

The following procedures occurred in accordance with Rule 32.1 *Federal Rules of Criminal Procedure* and 18 U.S.C. §3583:

1. On July 14, 2015, Jonathan Hodge was present for the initial hearing and was appointed by the Court to represent Christopher Mudd regarding the pending Petition on Offender Under Supervision.

2. A copy of the Petition on Offender Under Supervision was provided to Mr. Mudd and his counsel who informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Mr. Mudd was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Mudd was informed that he would have the right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Mudd was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. Mr. Mudd was informed that, if the preliminary hearing resulted in a finding of probable cause that Mr. Mudd had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Barker's designation entered on May 22, 2015.

7. At that time the defendant by counsel stated his readiness to waive the preliminary examination and proceed with the revocation hearing. Mr. Mudd then waived, in writing, the preliminary hearing.

8. The parties then advised the Court they had reached an agreement as to a recommended disposition which they wished to submit to the Court.

9. The parties stipulated the following in open Court:

    (a) As to Violation Number 1 of the Petition for Offender Under Supervision, the defendant admitted in open Court that he had violated these conditions.

    (b) The parties, by agreement, stipulated that the defendant's supervised release would be revoked and the defendant would serve 12 months imprisonment, with no term of supervised release to follow.

10. The Court then proceeded to a revocation hearing upon the allegations of alleged violations of the Terms of Supervised Release, particularly as set out in Violation Number 1 of said Petition. The Court placed Mr. Mudd under oath and inquired of him whether he admitted to the specifications alleged in the Petition on Offender Under Supervision, and Mr. Mudd admitted the violations contained in Violation Number 1. The Court specifically inquired of Mr. Mudd whether he was making these admissions voluntarily and free from any duress, promises or undue influence. The Court further advised Mr. Mudd that the Court was not bound by any particular plea agreement made between the United States and Defense Counsel. All of which Mr. Mudd answered in the affirmative. The Court finds the admissions were knowingly and voluntarily entered into and that there was a basis in fact for revocation in regard to Violation Number 1. The violation is summarized as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall reside for a period of 352 days at a Residential Reentry Center (RRC) as directed by the probation officer and shall observe the rules of that facility."** |

14. Based on the information available to the Court, the Court further finds the following:

    (1) Mr. Mudd has a relevant criminal history category of I. *See,* U.S.S.G. §7B1.4(a).

3

(2) The most serious grade of violation committed by Mr. Mudd constitutes a Grade C violation, pursuant to U.S.S.G. §7B1.1(b).

(3) Pursuant to U.S.S.G. §7B1.4(a) and (b)(3)(A), upon revocation of supervised release, the range of imprisonment applicable to Mr. Mudd is 3-9 months.

(4) The appropriate disposition for Mr. Mudd's violation of the conditions of supervised release is as follows:

(a) Defendant shall be committed to the Bureau of Prisons to serve a term of imprisonment of 12 months with no term of supervised release to follow.

The Court, having heard the admission of the defendant, the stipulation of the parties and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant violated the above-delineated conditions of his supervised release as set forth in Violation Number 1 of the Petition. The defendant's supervised release is hereby **REVOKED,** and Mr. Mudd shall be committed to the Bureau of Prisons to serve a term of imprisonment of 12 months with no supervised release to follow.

The defendant requests that he be released from custody to visit his newborn child. The government agrees to allow the defendant to be released, U.S. Probation objects. After hearing arguments of counsel and a statement by defendant, the Magistrate Judge recommends the defendant be released immediately and shall report to the U.S. Marshal on July 15, 2015 at 9 a.m. to be remanded back into custody.

The Magistrate Judge requests that Brian Bowers, U.S. Probation Officer, prepare for submission to the Honorable Sarah Evans Barker, District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of fact, conclusions of law and recommendation.

**WHEREFORE,** the U.S. Magistrate Judge **RECOMMENDS** the Court adopt the above Report and Recommendation revoking Mr. Mudd's supervised release.

**IT IS SO RECOMMENDED** this   16   day of July, 2015.

_____
Van T. Willis, Magistrate Judge
United States District Court

Distribution to all electronically registered counsel.